Tbe opinion of tbe Court was delivered by
Clover, J.
Tbe plaintiff declared in assumpsit on tbe following promissory note:
“ Camden, Oct. 26, 185é.
“ Five months after date I promise to pay to tbe order of Ceorge W. Carpenter, at tbe Bank of Camden, three hundred and thirty-six dollars and ninety-one cents for value received.”
(Signed) “ P. Robenson.”
*18 Tbe plaintiff bad forwarded goods to Mr. Gaston, bis agent, to be delivered to P. Eobenson, upon bis executing a note with satisfactory security; and, after some negotiation on tbe subject, Mr. Gaston wrote tbe above note, at tbe suggestion óf Eobenson, wbo refused to sign one in any other form. Eobenson took tbe note, and afterwards returned it to plaintiff’s agent endorsed by P. J. Oaks and A. 0. Baskin, and received tbe goods. G-. W. Carpenter, wbo lives in New York, afterwards endorsed tbe note in blank, but bis name was subsequently stricken out. Oaks bad repeatedly refused to become Eobenson’s surety; but consented to endorse tbe note under tbe advice of A. G\ Baskin, wbo informed him, that be would not be responsible for Eobenson, but that be was endorser for 0. W. Carpenter. Oaks knew that tbe object of Eobenson in procuring tbe note was to obtain possession of tbe goods held by plaintiff’s agent.
Tbe declaration charged tbe defendant as maker and endorser, and, under tbe instruction of tbe presiding Judge, a verdict was rendered for tbe plaintiff.
Tbe defendant’s motion is for a new trial on tbe grounds:
1. “ That be is not liable as maker of a new note, inasmuch as be disclaimed at tbe time of execution any liability to Carpenter, and bad repeatedly refused to become Eobenson’s surety.
2. "Because tbe verdict is contrary to tbe law and evidence.”
Tbe liability of a party wbo is not tbe payee of a note, and endorses it in blank at tbe time it is made, is absolute and direct and not collateral. By bis endorsement, be certainly intended to add additional security to tbe paper, and, if be is not responsible as endorser because it is not negotiable according to tbe law merchant, be should not escape all *19 responsibility. The character in wbicb bis liability attaches, may be either as maker or guarantor, depending on the time when the endorsement is made. In Stoney vs. Beaubien, (2 McMul. 313,) the Court held, that he who writes his name on the back of a note payable to a third person, not yet due, without express words to show the nature of' his contract, is an original promissor; and this decision was, afterwards, approved in Baker vs. Scott, (5 Rich. 505.)
If Carpenter had endorsed and transferred the1 note, the contract of Oaks with the holder, would have been that of second endorser after the payee, and such, probably, was the state of things contemplated by his legal adviser at the time Oaks was induced to sign. But when Carpenter’s name was striken out, Oaks no longer stood in the relation, nor incurred any of the responsibilities of an endorser. In such a case his liability is primary; nor would his character as an original promissor be changed in an action by Carpenter as payee, although his endorsement is not stricken out. (Baker vs. Scott.) By his endorsement he became, with Eobenson, an original maker, and as he signed at the time of the original negotiation between Carpenter’s agent and Eobenson, the sale and delivery of the goods was a sufficient consideration to sustain the promise of both. If the promise had been subsequent, perhaps forbearance or some other consideration should have been proved to support his promise.
All the questions made by the grounds of appeal, have been so fully considered and answered in Stoney vs. Beaubien, and Baker vs. Scott, that it is only necessary to refer to them in support of our judgment dismissing the motion.
Motion dismissed.
O’NeALL, WARDLAW, WITHERS, Whither and Munro, JJ., concurred.

Motion dismissed.